UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN EARL GRUBBS, JR.,

                **Plaintiff,**

vs.                                          Case No. 8:15-cv-443-T-27TGW

DEPUY SYNTHES,

                **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Vacate Final Judgment (Dkt. 54), and responses by Depuy Synthes and Matthew J. Swick, M.D. (Dkts. 56, 57). Bayfront Medical Center, Inc. did not respond. Upon consideration, the Motion (Dkt. 54) is DENIED.

Plaintiff seemingly seeks to vacate a final judgment entered in favor of Depuy Synthes. (Dkt. 46). But, in essence, Plaintiff is seeking to reassert claims against Swick and Bayfront, not Depuy Syntes. Swick and Bayfront were dismissed on July 20, 2015, and Plaintiff was granted leave to amend his complaint as to these Defendants within twenty-one days and he failed to do so.[1] (Dkts. 33, 34). If he is seeking leave to amend to reassert claims against Swick and Bayfront, the request is filed over one year after he was granted leave to amend and is therefore untimely. *See Kendall v. Thaxton Rd. LLC*, 443 F. App'x 388, 393 (11th Cir. 2011)(affirming denial of motion for leave to amend filed two months after deadline set in the scheduling order). Therefore, to the extent he is seeking to reassert claims against Swick and Bayfront, **if he has complied with Florida's presuit investigation and notice requirements for medical negligence claims**, his proper recourse is to

---

[1] His three requests for leave to amend his complaint to name Swick and Bayfront were denied because he failed to allege compliance with Florida's presuit investigation and notice requirements for medical negligence claims. (Dkts. 48, 50, 52).

1

file a new lawsuit.² Accordingly, because Plaintiff has failed to provide any reason why the final judgment in favor of Depuy Synthes should be set aside, the Motion is **DENIED**.

**DONE AND ORDERED** this 16th day of March, 2017.

*/s/ James D. Whittemore*
JAMES D. WHITTEMORE
United States District Judge

Copies to:
*Pro se* Plaintiff
Counsel of Record

---

² Notwithstanding, Swick contends that Plaintiff's medical negligence claim filed in Pinellas County Circuit Court was dismissed with prejudice. *See Grubbs v. Dupuy Synthes, et.al.* No. 15-986-CI-8 (Fla. Cir. Ct. Nov. 29, 2016)(Order granting Bayfront and Swick's motion to dismiss with prejudice). Furthermore, Swick, an orthopedic surgeon, contends Plaintiff has not complied with the presuit investigation and notice requirements because he has failed provide a presuit affidavit from an orthopedic surgeon. (Dkt. 57 at 11-15). Florida law requires that Plaintiff consult an expert in the same or similar specialty as Swick. Fla. Stat. § 766.102; *Edwards v. Sunrise Ophthalmology Asc, LLC,* 134 So. 3d 1056, 1059 (Fla. 4th DCA 2013). The affidavit attached to Plaintiff's motion is from a medical expert who actively practices emergency medicine, not an orthopedic surgeon. (Dkt. 54 at 6). Therefore, even if his request were timely, he still has not complied with presuit requirements as to Swick.